EDWARD A. ELLIOTT v. DAVID PRESTON AND JOHN L. HARPER.

*Certificate of service of declaration in local court.*

The sheriff's certificate of service in a suit begun in the Superior Court of Detroit, stated that he served the declaration " on Edward A. Elliott *in the city of Detroit*, the defendant named in said declaration, by delivering to him *in said county of Wayne*, a true copy thereof." *Held* sufficient, as the city is within the county. Judgment would not be reversed for the irregularity in form. Comp. L. § 6051, subd. 13.

Error to Superior Court of Detroit. Submitted June 17. Decided June 23.

ASSUMPSIT. Defendant brings error. Affirmed.

*Ed. E. Kane* for plaintiff in error.

*Julian G. Dickinson* for defendants in error.

GRAVES, J. This writ of error is taken to reverse a judgment by default in the Superior Court of Detroit, and the only question to be noticed is whether the evidence of service of the declaration, which was before the court, was such as would authorize the court to find that the service was effected in the city, and we think it was. The sheriff stated in his certificate that on the 10th day of August, 1878, he served the declaration "on Edward A. Elliott in the city of Detroit, the defendant named in said declaration, by delivering to him in said county of Wayne, a true copy thereof." The certificate is not very well expressed, and the probability is that a blank form, prepared for the service of papers issued by the circuit court, was made use of, and that the infelicity of style was brought about in that way. Still, the service in the city is stated positively, and the reference to the county in the passage in which the mode is explained, is perfectly consistent. If the delivery of the copy took place in the city, it was in the county. There is no contradiction, and there can be no intendment against the proceeding. So far as there was informality it was not prejudicial, and the judgment cannot be disturbed on writ of error. Comp. L. § 6051, subd. 13.

The judgment must be affirmed with costs.

The other Justices concurred.